## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TROY A. DOUSE**                                                                 **CIVIL ACTION**

**VERSUS**                                                                             **NO.04-1380**

**GLOBAL PIPELINES PLUS, L.L.C., ET AL.**                          **SECTION "K" (1)**

### ORDER

Before the Court is Defendants' Motion To Amend Interlocutory Order To Include Statement Prescribed By 28 U.S.C.A. § 1292(b). (Rec. Doc. 59).  After reviewing defendants' motion and plaintiff's opposition, the Court's prior ruling, and relevant law, the Court denies defendants' motion.

### BACKGROUND

Plaintiff, who  was involved in an offshore accident on December 7, 2002 as he was being transferred via a personnel basket, brought claims under the Jones Act and General Maritime law against several defendants, including, non-employer third party defendants.  On July 7, 2005, the Court denied defendants' Motion for Summary Judgment (rec. doc. 44) seeking dismissal of plaintiff's claims for non-pecuniary damages.  (Rec. doc. 55 Court's Order).  The Court examined the recent Fifth Circuit case *Scarborough v. Clemco Industries*, 391 F.3d 660, 668 (5th Cir.2004) which held that "neither one who has invoked his Jones Act seaman status

nor his survivors may recover nonpecuniary damages from non-employer third parties."  During

oral argument, this Court held that the Fifth Circuit decision provided no basis to include

plaintiff's general damages, such as damages for pain and suffering, in the definition of non-

pecuniary damages.  Defendants now move the Court to amend its Order of July 7, 2005 to

include the statement prescribed by 28 U.S.C.A. § 1292(b) so that defendants may take an

immediate appeal.

## ANALYSIS

Section 1292(b) requires that the Court find that the motion involves a "controlling

question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate termination of the

litigation."  28 U.S.C. 1292(b).   Thus, the Court must consider whether the issue presents a

controlling question of law as to which there is substantial ground for difference of opinion; and

whether the granting of the interlocutory order would materially advance the ultimate

termination of the litigation.

*Scarborough* held that a Jones Act seaman cannot recover non-pecuniary damages

against a non-employer third party.  Nothing in the decision intimated that the traditional

characterization of the nature of pecuniary damages in the context of the Jones Act had changed.

Therefore, the Court is unwilling to find "there is substantial ground for difference of opinion."

At oral argument, the Court was presented with no compelling argument to demonstrate that

*Scarborough* would allow any different result in this case.  Thus, the Court finds that there is no

substantial ground for difference of opinion present.  Simply because there is arguably a matter

of first impression does not necessitate the finding that there is "substantial ground" for a

difference of opinion.  *Billizon v. Conoco, Inc*., 1994 WL 665064 (E.D.La.)(citing Wright &

Miller, 16 Fed. Prac.& Proc. Juris. 2d., § 3930 at 420 n.12).

Also, an interlocutory appeal would not materially advance the ultimate termination of the litigation.  The issues presented will not require an extraordinary amount of judicial resources or protracted litigation.  This is a non-jury trial.  Defendants have stipulated to liability.  Because of the difference of opinion regarding the extent of plaintiff's injury, plaintiff argues this case is only going to be resolved by trial on the issue of damages and that the defendant will not be prejudiced by trying the issue of general damages.   Plaintiff further agues that any award of general damages can be addressed on appeal after the trial.   Thus, if an appellate court reverses an award of general damages, then the defendants do not pay for these damages.  The Court agrees with plaintiff's argument.

For these reasons, the court's prior ruling is not appropriate for immediate appeal under the standard of 28 U.S.C. § 1292(b).  Accordingly,

**IT IS ORDERED** that defendants' Motion To Amend Interlocutory Order To Include Statement Prescribed By 28 U.S.C.A. § 1292(b)(Rec. Doc. 59) is **DENIED**.


New Orleans, Louisiana, this   16th   day of August, 2005.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**